UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CLYDE PIGGIE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-1021-LJM-WTL |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Clyde Piggie ("Piggie") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1.      Piggie is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 07-06-0098, wherein he was found guilty of having violated prison rules of conduct by being in an unauthorized area.

2.      A conduct report was issued on June 7, 2007, reciting that on that date the reporting officer encountered Piggie at a gate at the Pendleton Correctional Facility, an Indiana Prison. Piggie was asked if he had a pass, to which he responded "No," but further stated that he needed to get a urine test with Mr. Raines. Mr. Raines, however, reported to the reporting officer that he had not called for Piggie.

3.      After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on June 22, 2007. Piggie was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good time, his administrative appeals were rejected, and this action followed.

**Piggie's Claims**

Contending that the proceeding described above is tainted by constitutional error, Piggie seeks a writ of habeas corpus. His specific contentions are that: 1) he was denied exculpatory evidence; 2) he was denied a witness; and 3) the conduct board relied upon insufficient evidence and failed to provide a reason for its decision.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Piggie was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Piggie received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Piggie was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Piggie's claims otherwise are unavailing here.

- Piggie complains that he was denied exculpatory evidence, specifically a videotape. The videotape, however, would not have been exculpatory, because it would not have shown either that Piggie had authority to be at the gate or that he was not at the gate. The denial of the videotape as evidence was therefore proper because due process is not denied if the denied witness would give testimony that is irrelevant or repetitive. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992). The same is true of the denial of inmate Montgomery as a witness, because Montgomery's supposed testimony would not have shown that Piggie was not at the gate or that he had a pass to be at the gate. The respondent is correct that whether or not Montgomery was allowed to see Mr. Raines without a pass is irrelevant.

- Piggie complains that there was insufficient evidence to support the conduct board's decision. As established in *Hill*, the constitutional standard for sufficient evidence in a proceeding such as Piggie challenges here is that the conduct board's decision be supported by "some evidence." This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice.

*Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The evidence recited above was ample to support a reasonable adjudicator's finding that he was guilty of the infraction charged. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The conduct report recites in plain English that Piggie was in an unauthorized place at the prison. If Piggie had a pass to be where he encountered the reporting officer he would have been authorized to be there, but he did not have a pass. The fact that he was in that place at that time is undisputed. The evidence was constitutionally sufficient. Piggie's reason for being at that place does not supersede the prison's rules prohibiting inmates from being in unauthorized places.

● Due process requires that an inmate subject to disciplinary action is provided "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Forbes v. Trigg,* 976 F.2d 308, 318 (7th Cir.1992) (quoting *Wolff,* 418 U.S. at 564-65). Written statements ensure both administrative accountability and meaningful review. *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir. 1981). The written statement requirement, however, is not onerous. *See, e.g., Pardo v. Hosier,* 946 F.2d 1278, 1284 (7th Cir. 1991); *Culbert v. Young,* 834 F.2d 624, 629 (7th Cir. 1987); *Saenz v. Young,* 811 F.2d 1172, 1173-74 (7th Cir. 1987). The statement need only illuminate the evidentiary basis and reasoning behind the decision. *Forbes,* 976 F.2d at 318; *Saenz,* 811 F.2d at 1173-74. Piggie claims that the conduct board failed to "give an explanation" for its decision. The reason given by the conduct board was "based on the [conduct report]." This written explanation, though brief, was constitutionally sufficient in the circumstances of this case because it was sufficient to apprise Piggie of the reasons for its decision and to permit meaningful appellate review. *Wolff,* 418 U.S. at 565; *Saenz,* 811 F.2d 1174 (where it is "obvious" that a disciplinary committee believed the conduct report and disbelieved the plaintiff and there is no mystery about its reasons, even a statement of extreme brevity concerning the reasons for its findings is not below the constitutional minimum).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Piggie to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/17/2008

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana